## COOK et al. v. CORDELL, Pres.

No. 22599. Opinion Filed Sept. 6, 1932.

Rehearing Denied Nov. 1, 1932.

I. L. Cook and W. E. Utterback, for plaintiffs in error.

Shirk, Danner & Phelps, Charles E. Earnheart, Samuel O. Neff, and Howard Davis, for defendant in error.

McNEILL, J. This appeal on behalf of the members of the State Board of Agriculture involves the appointment of a State Dairy Commissioner by the president of said board pursuant to an act of the 1923-24 Legislature (Laws 1923-24, c. 38). This

act created the office in question, together with other offices, and provides as follows:

"* * * Said officers and employees shall be appointed by and shall serve during the pleasure of the President of the State Board of Agriculture. * * *"

The plaintiffs in error, being members of the State Board of Agriculture, contend that the President of the State Board of Agriculture, defendant in error, had no right, power, or authority to make said appointment without the consent and approval of the majority of the members of said Board of Agriculture for the reason that the aforesaid act of the Legislature is void, in that it is an invasion of the jurisdiction of the Board of Agriculture, and is in conflict with section 31 of article 6 of the Oklahoma Constitution, which provides that the Board of Agriculture shall have jurisdiction over all matters affecting animal industry. It is unnecessary to trace the various changes in the legislative enactments in reference to the State Board of Agriculture.

It is the duty of the court to sustain a legislative enactment unless it is clearly apparent that it violates some provision of the Constitution. No question is raised as to the validity of the legislative act creating the office of said State Dairy Commissioner. If the act creating the office is not void, there seems no valid reason why the Legislature could not designate the manner of the appointment of such officer, so long as it does not contravene the Constitution. The appointment of a State Dairy Commissioner by the President of the State Board of Agriculture, as provided by the 1923-24 legislative act, does not deprive nor divest the State Board of Agriculture of its jurisdiction in exercising its full power and authority over all matters affecting animal industry and animal quarantine regulations as provided by section 31 of article 6 of the Oklahoma Constitution. The appointment of the Dairy Commissioner does not relieve him from the discharge of his duties under the direction and control of the State Board of Agriculture.

Plaintiffs in error rely primarily on the case of Trapp v. Cook Construction Co., 24 Okla. 850, 105 P. 667. The facts of that case are different from those involved in the instant case. It is not authority for the contention of the plaintiffs in error in the case at bar.

The Constitution makes no provision for the appointment of officers who administer the affairs of said board. The Legislature had authority to create the office of a State Dairy Commissioner and provide the manner of the appointment for such

office. The 1923-24 legislative act, providing for the creation of said Dairy Commissioner and the appointment for such office by the President of the State Board of Agriculture, is not violative of, nor does it in any manner curtail, the provisions of section 31 of article 6 of the Oklahoma Constitution, relative to the Board of Agriculture having jurisdiction over all matters affecting animal industry.

The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.