Livestock Commission — Unconstitutional The Oklahoma Livestock Commission Act. 2 O.S. 1151 [2-1151] — 2 O.S. 1164 [2-1164] (1968), is unconstitutional. The Attorney General has had under consideration your letter of February 23, 1968, requesting an opinion on the following question: "Is the Act creating the Oklahoma Livestock Commission constitutional?" 2 O.S. 1151 [2-1151] — 2 O.S. 1164 [2-1164] (1967), is the Oklahoma Livestock Commission Act; it is noted that said act relates to livestock and grants jurisdiction to the Oklahoma Livestock Commission over matters affecting the animal industry. It is further noted that the Oklahoma Livestock Commission is a self sustaining commission and not a part of the Board of Agriculture. Oklahoma Constitution, Article VI, Section31 reads in part as follows: "A Board of Agriculture . . . shall be maintained as a part of state government, and shall have jurisdiction over all matters affecting animal industry . . . and shall discharge such other duties and receive such compensation as now is, or may hereafter be, provided by law. . . ." The only connection the Oklahoma Livestock Commission has to the State Board of Agriculture is that the president of the State Board serves as chairman of the Commission and the Oklahoma Livestock Commission may designate the state veterinarian as its inspector. The question that arises and requires our consideration and determination is whether the law creating the Oklahoma Livestock Commission vested in it the power and authority reserved by the Constitution to the State Board of Agriculture. Webster's New International Dictionary, page 1173, defines jurisdiction as ". . . power or right to exercise authority; control . . . sphere of authority; the limits within which any particular power may be exercised, or within which a government . . . has authority. . . . Jurisdiction, Authority are often interchangeable. But jurisdiction applies esp. to authority as exercised within certain defined limits. . . ." In Cook et al. v. Cordell, 160 Okl. 59, 15 P.2d 565, the court stated: ". . . The appointment . . . does not deprive nor divest the State Board of Agriculture of its jurisdiction in exercising its full power and authority over all matters affecting the animal industry . . . The appointment of the Dairy Commissioner does not relieve him from the discharge of his duties under the direction and control of the State Board of Agriculture. . . ." (Emphasis added) From the above, "jurisdiction", as used in the cited constitutional provision, means at least full power and authority by the State Board of Agriculture to direct and control all matters affecting animal industry. In Trapp, State Auditor v. Cook Construction Company, 24 Okl. 850,105 P. 667, the Supreme Court cited approvingly the below language of State ex rel Crawford, v. Hasting,10 Wis. 525: ". . . Every positive delegation of power to one officer or department implies a negation of its exercise by any other officer, department or person. If it did not, the whole constitutional fabric might be undermined and destroyed. This result could be as effectually accomplished by the creation of new officers and departments exercising the same power and jurisdiction as by the direct and formal abrogation of those now existing, and, although the exercise of this power by the Legislature is nowhere expressly prohibited, nevertheless they cannot do so. . . ." Without herein tracing the history of the direction and control over all matters affecting the animal industry, a study of the territorial law, State Constitution and statutes of this state reflects that traditionally and historically said direction and control have been exercised by the State Board of Agriculture. The object of construction, applied to a constitution, is to give effect to the intent of its framers, and of the people adopting it. Shaw v. Grumbine, 137 Okl. 95,297 P. 315; Hines v. Winters, Okl. 320 P.2d 1114. In Trapp, State Auditor v. Cook Construction Company, supra, the court in the third paragraph of the syllabus stated: "A thing within the intent of a constitutional enactment is, for all purposes, to be regarded within the words and terms of the constitution; and a legislative enactment, evading the terms and clearly expressed or necessarily implied purposes of the constitution, is as clearly void as if in express terms forbidden." Had the Legislature created the Oklahoma Livestock Commission and placed it under the direction and control of the State Board of Agriculture, then such would not have constituted an invasion of the jurisdiction of the Board of Agriculture. It is therefore the opinion of the Attorney General that Article VI, Section 31 of the Oklahoma Constitution must prevail over the provisions of 2 O.S. 1151 [2-1151] — 2 O.S. 1164 [2-1164] (1967), and accordingly, the Oklahoma Livestock Commission Act is unconstitutional. (W. Howard O'Bryan Jr.)